UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERNARD T. ANDERSON BEY, Plaintiff, | Case No. 1:24-cv-02295-ALC |
| -against- | Hon. Andrew L. Carter, Jr. |
| ROC NATION LLC et al., Defendants. | |

**DEFENDANT COINBASE, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION, OR IN THE ALTERNATIVE, TO DISMISS THE AMENDED COMPLAINT**

**BRYAN CAVE LEIGHTON PAISNER LLP**
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 541-3163
Fax: (212) 541-4630
Chris M. LaRocco, Esq.
Ashley Hyun-Jeong Kim, Esq.

*Counsel for Defendant Coinbase, Inc.*

## PRELIMINARY STATEMENT

Since Coinbase, Inc. ("Coinbase") filed its Motion to Compel Arbitration, or in the Alternative, to Dismiss the Amended Complaint (the "Motion," ECF No. 96), plaintiff Bernard T. Anderson Bey ("Plaintiff") has filed several documents raising arguments opposing the Motion and in further support of his request for preliminary injunctive relief. *See* ECF Nos. 148, 149, 151, 153, 154, 155. Herein, Coinbase addresses Plaintiff's arguments concerning the Motion in those filings, collectively, as Plaintiff's opposition to the Motion (the "Opposition).[1]

Plaintiff fails to set forth any convincing argument refuting the fact that he must submit his dispute to binding arbitration, or that his allegations fail to state valid claims against Coinbase. Plaintiff's vague allegations concerning a supposed trade secret does not exempt him from arbitration. He neither identifies a specific trade secret nor connects it to Coinbase's actions. Instead, Plaintiff's arguments hinge on complaints about access to funds he believes should be in his Coinbase Wallet—an issue that does not qualify as a trade secret. Coinbase respectfully requests the Court to compel arbitration pursuant to the User Agreement and stay this action against Coinbase pending arbitration.

In the alternative, Coinbase requests dismissal of Plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a valid claim.

[1] Plaintiff's continuing arguments seeking preliminary injunctive relief have already been addressed by Coinbase in its Opposition to Plaintiff's Request for Injunctive Relief and A Temporary Restraining Order (ECF No. 131), and this Court heard argument on those issues on January 15, 2025. *See* ECF No. 124. Coinbase thus will not re-state its arguments against preliminary injunctive relief. To the extent Plaintiff seeks an injunctive relief as part of his Amended Complaint (ECF Nos. 57, 111-1), Coinbase incorporates by reference its arguments concerning why Plaintiff is not without a remedy at law. *See* ECF No. 131 at 1-2, 8-10.

## ARGUMENT

### I. Plaintiff States No Trade Secret Claim, Precluding Exemption of this Dispute from Arbitration.

Plaintiff agreed to Coinbase's User Agreement, which contains a binding arbitration clause requiring that any disputes relating to the User Agreement or Coinbase's services must be resolved through arbitration. *See* Mot. at 1, 4-5, 17; ECF No. 98-5 (Black Decl., Ex. 5), Appx. 5 § 1.1. And, even the question of arbitrability of Plaintiff's claim is clearly delegated to the arbitrator. *See* Mot. at 1, 12-14; ECF No. 98-5 (Black Decl., Ex. 5), Appx. 5 §§ 1.4, 1.6. Thus, it is not even appropriate for this Court to determine whether Plaintiff's purported trade secret claim is arbitrable, and there can be no real dispute that Plaintiff's claims in this action should be before an arbitrator.

Notwithstanding Plaintiff's restated contention that the User Agreement is unenforceable (*see* ECF No. 155 at 32), which is still unsupported by any factual allegation, Courts have consistently enforced Coinbase's arbitration provision in its User Agreement (*see* Mot. at 9-10, 13-17). *See, e.g., Reznik v. Coinbase, Inc.*, 2024 WL 1055002, *4 (S.D.N.Y. Mar. 11, 2024) (enforcing arbitration provision in Coinbase's User Agreement and compelling arbitration); *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1015 (9th Cir. 2023) (reversing district court's order denying Coinbase's motion to compel arbitration, and holding that the delegation provision in Coinbase's arbitration agreement as stated in its User Agreement was enforceable); *Berk v. Coinbase, Inc.*, 840 F. App'x 914, 915-16 (9th Cir. 2020) (reversing district court's order denying Coinbase's motion to compel arbitration, and holding that the plaintiff's claims fell within the scope of Coinbase's arbitration agreement as stated in its User Agreement).

Moreover, even if it were true that Coinbase somehow omitted or did not properly account for "a token migration to a new company contract" and an alleged increase in the value of

Plaintiff's Coinbase account (*see* ECF No. 155 at 31-32), such facts would not make Plaintiff's claims against Coinbase any less arbitrable. The arbitration clause in the User Agreement explicitly covers "any dispute, claim, disagreements arising out of or relating in any way to your access to or use of [Coinbase's] Services." *See* ECF No. 98-4 (Black Decl., Ex. 4), Appx. 5 §§ 1.1; ECF No. 98-5 (Black Decl., Ex. 5), Appx. 5 §§ 1.1; Mot. at 4-5, 17. This broad language encompasses any claims that arise from the use of Coinbase's services, including allegations of misrepresentation regarding account balances.

Further, Plaintiff's contention that his claims fall under the User Agreement's exemption from arbitration for trade secret claims is meritless. *See* ECF No. 155 at 15. Plaintiff makes reference to the Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(1) but plainly states no claim thereunder. *See* ECF No. 149 at 2, ECF No. 155 at 33. "For a claim under the federal Defend Trade Secrets Act [18 U.S.C. § 1836(b)(1)], [p]laintiffs must demonstrate that (1) they possessed a trade secret, and (2) [d]efendants misappropriated that trade secret." *Town & Country Linen Corp. v. Ingenious Designs LLC*, 556 F. Supp. 3d 222, 254 n.12 (S.D.N.Y. 2021).

First, Plaintiff fails to allege his possession of a trade secret. A trade secret generally consists of "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *See, e.g., Integrated Cash Mgmt. Servs., Inc. v. Digital Transactions, Inc.*, 920 F.2d 171 (2d Cir. 1990) (*citing* Restatement of Torts § 757, comment b). Here, Plaintiff's allegations that he planned to finance his business using cryptocurrency and that funds are missing from his account do not establish his possession of a trade secret. *See* ECF No. 149 at 2, 6; *see* ECF No. 57 at 10. Nothing Plaintiff has alleged concerning Coinbase's conduct represents any

"secret" that Plaintiff used in conducting his business that would give him an advantage over his competitors.

Second, Plaintiff does not and cannot plead any way in which Coinbase "misappropriated" anything of Plaintiff's to its advantage. "To succeed on a claim misappropriation of a trade secret under the [Defend Trade Secrets Act], a plaintiff must show that the trade secret was: (A) acquired by a person who knows or has reason to know that the trade secret was acquired by improper means; or (B) disclosed by another without express or implied consent." *Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, 350 F. Supp. 3d 143, 171 (E.D.N.Y. 2018). Plaintiff fails to allege either basis for a trade secret claim. *See* ECF No. 149. Even assuming Plaintiff's allegations concerning his financing plans and miscalculated cryptocurrency value are true, Plaintiff does not plead that Coinbase knew of or misappropriated his specific business funding plans, disclosed them to others, or that Coinbase misappropriated any allegedly missing funds or used its knowledge of those funds to its advantage in business. There are simply no grounds for a trade secret claim in Plaintiff's pleadings, and his dispute with Coinbase should be sent to arbitration pursuant to the User Agreement.

## II. In the Alternative, the Court Should Dismiss This Action Against Coinbase for Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6).

In the unlikely event the parties' agreement to arbitrate Plaintiff's claims is held invalid (which Plaintiff does not even argue), this Court should nonetheless dismiss Plaintiff's claims against Coinbase for failure to state a valid claim. As established above, Plaintiff states no claim for misappropriation of trade secrets, and he similarly fails to state any other claim that would salvage his pleading.

In fact, beyond his futile arguments in support of a trade secret claim, Plaintiff ignores the arguments Coinbase raised illustrating that Plaintiff's other claims are subject to dismissal. *See*

ECF No. 149; Mot. at 19-22. Consequently, this Court should deem those claims abandoned, and they should be dismissed. *See, e.g.*, *Youmans v. Schriro*, 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013) (collecting cases; "[a] plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitutes an abandonment of those claims"); *Fair Hous. Justice Ctr., Inc. v. Cuomo*, 2019 WL 4805550, at *16 (S.D.N.Y. Sept. 30, 2019).

Beyond Plaintiff's abandonment of his non-trade secret claims, Coinbase rests on the arguments made in its moving brief concerning Plaintiff's insufficient pleading. *See* Mot. at 19-22. Specifically:

- Plaintiff fails to allege unjust enrichment against Coinbase where an enforceable contract exists between them and Plaintiff fails to allege any way in which Coinbase was enriched at his expense. *See id.* at 20-21.

- Plaintiff alleges no facts supporting a false advertising claim against Coinbase. *See id.* at 21.

- Plaintiff fails to establish that any fiduciary relationship existed between himself and Coinbase, or that any resulting duty was breached. *See id*.

- Plaintiff has not adequately pleaded a breach of contract claim against Coinbase since he has not alleged that Coinbase breached any contractual duty under the User Agreement. *See id.* at 21.

In sum, Plaintiff has failed to state any valid claim against Coinbase, and, in the event this matter is not transferred to arbitration, his Amended Complaint should be dismissed, with prejudice.

## CONCLUSION

For the foregoing reasons, the Court should (1) compel Plaintiff to arbitrate his claims and stay this action pending completion of the arbitration; or (2) in the alternative, dismiss this action against Coinbase for failure to state a claim.

Dated: February 14, 2025

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: *<u>/s/ Chris M. LaRocco</u>*
Chris M. LaRocco
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 541-3163
Email: chris.larocco@bclplaw.com

Ashley Hyun-Jeong Kim
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Tel: (310) 576-2113
Email: ashley.kim@bclplaw.com

*Counsel for Defendant Coinbase, Inc.*

**CERTIFICATE OF COMPLIANCE**

I hereby certify pursuant to Local Civil Rule 7.1 of the United States District Court for the Southern District of New York, that this document contains 1498 words, exclusive of any caption, table of contents, table of authorities, and signature block, and thus complies with the word count limit set forth in Rule 7.1.

Dated: New York, New York
February 14, 2025

*/s/ Chris M. LaRocco*