**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

  BERNARD T. ANDERSON BEY,                    :
                                              :
                                    Plaintiff, :
                                              :
             -against-                        :        1:24-cv-02295 (ALC)
                                              :
  ROC NATION LLC, et al.,                     :        <u>OPINION & ORDER</u>
                                              :
                                    Defendants. :
                                              :
------------------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Bernard T. Anderson Bey is proceeding *pro se* in this action. Before the Court are

Plaintiff's motions for a preliminary injunction and a temporary restraining order ("TRO"). *See*

ECF Nos. 117, 118. For the reasons set forth below, Plaintiff's motions are **DENIED**.

## BACKGROUND

### I.    Factual History

Plaintiff Bernard T. Anderson Bey, a resident of Brooklyn, New York, alleges that

Defendants Roc Nation LLC ("Roc Nation"), Sean C. Carter, also known as Jay-Z ("Carter"), and

Live Nation Entertainment, Inc. ("Live Nation") colluded and conspired to exclude him from the

hip hop industry and that they maintain a monopoly over the recording industry. ECF No. 57 at 5

("Amended Complaint" or "AC"). He contends that Carter plagiarized his work and states that

Roc Nation, Carter, and Live Nation have denied his access to "active participation in syndicated

FM broadcast radio through IHeart Radio as well as utilization of live events via Ticketmaster for

marketing and advertising purposes and market growth." AC at 6, 12. He claims that these

Defendants have perpetrated "anti-competitive practices" and "financially and politically

influenced" Defendants Coinbase, Renaissance Economic Development Corporation ("REDC"), and Internal Revenue Service ("IRS") in order to sabotage Plaintiff's financial success and the success of his company, T.Z.P.S. LLC. AC at 10.

According to Plaintiff, the music industry defendants—Roc Nation, Carter, and Live Nation—caused Plaintiff to lose his cryptocurrency assets with Coinbase, valued at over $16 million. AC at 10. Plaintiff claims that REDC failed to assist him with a loan application for his company and that Roc Nation, Carter, and Live Nation exerted their political influence to cause this. AC at 11. Plaintiff claims that the IRS denied him access to its Tax Payer Advocate Services as a result of Roc Nation, Carter, and Live Nation's "predatory and exclusionary practices." AC at 12.

Plaintiff additionally alleges that the music industry defendants pressured Defendant New York City Housing Authority ("NYCHA") to evict Plaintiff from his home. AC at 11. Plaintiff claims that NYCHA has "repeatedly sought to gain access" to his apartment "for the purposes of XRF light testing," but that "the testing is a guise to" illegally evict Plaintiff and his daughter "by falsifying the XRF test results." AC at 11. Plaintiff alleges that NYCHA has "deliberately over[]looked" his "repeated request for intervention, through NYCHA's grievance policy." AC at 11.

Plaintiff alleges that the music industry defendants have continued their efforts to sabotage Plaintiff, even after Plaintiff commenced this action. Plaintiff claims that Roc Nation, Carter, and Live Nation have exerted political and financial influence over the New York Legal Assistance Group and the City Bar Justice Center to obstruct the development of Plaintiff's legal claims. ECF No. 117 at 1. Plaintiff claims that Roc Nation, Carter, and Live Nation have used their influence

to spread lies about Plaintiff, resulting in "20 to 30 police and ACS, investigations or probes" since 2019. ECF No. 117 at 10.

In letters submitted subsequent to the amended complaint, Plaintiff alleges that the music industry defendants, most recently, exerted their influence over the mother of Plaintiff's child and coerced her to initiate a proceeding to recover child support payments from Plaintiff in Albany County Family Court. ECF No. 117 at 14. Plaintiff states that, as a result of this family court proceeding, the Albany County Family Court issued a warrant for his arrest. ECF No. 117 at 15. Plaintiff alleges that Defendant NYCHA and the New York City Police Department ("NYPD") have tried to gain access to his apartment in order to arrest him. ECF No. 117 at 2.

## II.    Procedural History

This is not Plaintiff's first case in federal court. *See Anderson Bey v. Roc Nation LLC*, ECF 1:21-cv-03314 (PAE) (JW) (S.D.N.Y.) ("*Bey I*"); *Anderson Bey v. ACS*, ECF 1:20-cv-0729, 7 (LLS) (S.D.N.Y. Apr. 6, 2020), *dismissing appeal*, No. 20-1680 (2d Cir. Feb. 16, 2021); *Bey v. City of New York*, ECF 1:17-cv-5494, 11 (CM) (S.D.N.Y. Jan. 19, 2018) (dismissing complaint for failure to state a claim), *dismissing appeal*, No, 18-5900 (2d Cir. Aug 13, 2018); *Bey v. ACS*, ECF 1:19-cv-3859, 29 (AJN) (SDA) (S.D.N.Y. Sept. 29, 2019) (dismissing matter voluntarily); *Anderson Bey v. State of New York*, No. 10-cv-01446 (E.D.N.Y. Apr. 10, 2010) (dismissing complaint for lack of subject matter jurisdiction). The most recent case, *Bey I*, was filed against three of the same Defendants in this action: Roc Nation, Carter, and Live Nation. In *Bey I*, Plaintiff asserted claims under the Sherman Act, the Clayton Act, and state law, alleging that the music industry defendants colluded and conspired to exclude him from the hip hop industry and maintain a monopoly over the recording industry. On February 13, 2024, Judge Engelmayer adopted a report and recommendation granting the defendants' motion to dismiss Plaintiff's amended complaint in

3

*Bey I* for failure to state a claim. *Anderson Bey v. Roc Nation LLC*, ECF 1:21-cv-03314, No. 143 (PAE) (JW) (S.D.N.Y.).

On March 27, 2024, Plaintiff filed his complaint initiating this action. *See* ECF No. 1. Plaintiff filed an amended complaint on July 30, 2024. ECF No. 57. Both pleadings assert the same claims brought in *Bey I*, along with new claims against Defendants Roc Nation, Carter, and Live Nation and claims against Defendants Coinbase, REDC, IRS, and NYCHA. *See* ECF Nos. 1, 57

As to the music industry defendants, Plaintiff brings an additional claim for Fraud Upon the Court, alleging the three Defendants misrepresented the facts in their *Bey I* motions to dismiss. AC at 2. Against Defendant Coinbase, Plaintiff brings state tort claims for unjust enrichment, false advertising, and breach of fiduciary duty, in regard to the handling of his cryptoassets. AC at 11. Plaintiff claims that Defendant NYCHA discriminated against him in violation of the Fair Housing Act by "deliberately overlook[ing]" his "repeated request for intervention" to stop NYCHA's XRF testing. AC at 11. Plaintiff asserts that REDC employees discriminated against him based on "systematic racism," when he was denied assistance with his loan application. AC at 11. Plaintiff brings additional discrimination claims against Defendants Roc Nation, Carter, and Live Nation for exclusion from essential facilities. AC at 12. Lastly, Plaintiff also bring a discrimination claim against the IRS. AC at 12-13.

The Court notes that the claims not asserted in *Bey I* still rely on the same principal theory: that Roc Nation, Carter, and Live Nation exerted financial and political influence over the other Defendants and non-defendants named, directly resulting in Plaintiff's hardships. AC at 13.

On November 15, 2024, Defendants Roc Nation, Carter, Live Nation, and NYCHA filed motions to dismiss Plaintiff's amended complaint. *See* ECF Nos. 97-106. That same day,

Defendant Coinbase filed a motion to compel arbitration, or in the alternative, to dismiss the amended complaint. *See* ECF Nos. 95-96.

On December 8 and 9, 2024, Plaintiff filed his motions for preliminary injunctive relief. *See* ECF Nos. 117, 118. In these motions, Plaintiff repeats his allegations that the music industry defendants have barred him from the hip hop industry and impeded his access to financing by exerting their influence over institutions like Defendants Coinbase, REDC, and IRS. *See* ECF No. 117.  He also raises allegations regarding the music industry defendants' influence over Defendant NYCHA, and non-defendants New York Legal Assistance Group, City Bar Justice Center, New York City Police Department ("NYPD"), New York City Administration for Children's Services ("ACS"), and Albany County Family Court. *See* ECF Nos. 117 at 1, 2, 7, 20; 118 at 1.

Plaintiff requests various forms of relief. He requests monetary relief from Defendant Coinbase and the recission of their contract so that he may access his cryptoassets. ECF No. 117 at 8-9, 25. Plaintiff seeks access to "essential facilities" from Defendant Live Nation. *Id.* at 1. Plaintiff, lastly, requests that Defendant NYCHA and non-Defendants NYPD and Albany County Family Court stop harassing Plaintiff, and that the Court bar them from accessing Plaintiff's apartment. *Id.* at 2. The Court notes that Plaintiff also requested discovery, a stay of the Defendants' motions to dismiss, a ruling on his motion for partial summary judgment, and a ruling on his motion for sanctions. *Id.* at 1-2. The Court will address these requests in forthcoming opinions. This opinion solely pertains to Plaintiff's motions for preliminary injunctive relief.

Plaintiff filed these motions following a status conference held on December 3, 2024. ECF No. 115. The Court ordered Defendants to respond to the motions. ECF No. 124. Defendants submitted their responses in opposition on December 20, 2024. ECF Nos. 131-36. Plaintiff

submitted his reply on January 07, 2025. ECF No. 144.  The Court held a hearing on the motions for preliminary injunctive relief on January 15, 2025.

## LEGAL STANDARD

"A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990). "The standard for an entry of a TRO is essentially the same as for a preliminary injunction." *Free Country Ltd. v. Drennen*, 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *See Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007).

"Courts must afford *pro se* plaintiffs 'special solicitude'" in reviewing their filings. *Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir.1994)). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "This policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal

quotations and modifications omitted). Therefore, courts read *pro se* filings "to raise the strongest arguments that they suggest." *Id.* at 474.

## DISCUSSION

### I.    Preliminary Injunctive Relief

#### a.    Anti-Filing Injunction

Several Defendants raise the anti-filing injunction imposed against Plaintiff in *Bey I* as a basis for which the Court should deny the motions for preliminary injunctive relief. *See* ECF Nos. 132 at 8, 135 at 4, 136 at 6; *see also Anderson Bey v. Roc Nation LLC*, ECF 1:21-cv-03314 (PAE) (JW) (S.D.N.Y.) at ECF No. 132, *adopted by* ECF No. 143. The Court notes that this argument has also been made in some of the Defendants' motions to dismiss. *See* ECF Nos. 95-106.

The Court need not reach the question of the anti-filing injunction's applicability at this moment. To the extent that Defendants claim the anti-filing injunction bars Plaintiff from seeking a preliminary injunction, the Court rejects that argument since the Court granted Plaintiff leave to file the motion. *See* ECF No. 115 (permitting Plaintiff to file a motion for a stay); *see also* Telephonic Status Conference at 1:00:01-1:03:00, 1:06:00-1:07:00 (December 3, 2024) (noting that Plaintiff's request for preliminary injunctive relief is connected to his motion for a stay). To the extent that Defendants claim the preliminary injunctive relief should be denied due to the anti-filing injunction—as it would pose a barrier to Plaintiff's success on the merits—the Court need not reach that question because Plaintiff fails to demonstrate irreparable harm. *See infra*. I.c.

#### b.    Jurisdiction

The Court notes that Plaintiff's requested injunctive relief against the NYPD and Albany County Family Court stem from allegations which Plaintiff raised for the first time in the instant motions. The Second Circuit has held that a district court lacks jurisdiction to order relief where a

motion for a preliminary injunction "presents issues which are entirely different from those which were alleged in [the] original complaint." *Stewart v. INS*, 762 F.2d 193, 199 (2d Cir. 1985); *see also Bonie v. Annucci*, No. 20-CV-640 (KMK), 2020 WL 2489063, at *3 (S.D.N.Y. May 14, 2020) ("A preliminary injunction or a TRO is not proper where the motion involves parties and presents issues that are different from those named and alleged in the complaint."). Plaintiff claims in the instant motions that the Albany County Family Court has unfairly targeted him due to the influence of Defendants Roc Nation, Carter, and Live Nation, and, as a result, the NYPD and Defendant NYCHA have attempted to access his home to effectuate a warrant. ECF No. 117 at 2. Allegations against the non-Defendants were not pleaded in the amended complaint and, therefore, the Court lacks jurisdiction to grant relief relating to them. *See Stewart*, 762 F.2d at 199.

The Court additionally notes that, even if Plaintiff were to request leave to amend his complaint and add these claims and defendants, there is no evidence of a warrant for Plaintiff's arrest in the record. To date, Plaintiff has only submitted an Albany County Family Court support magistrate's recommendation that he be arrested for failure to comply with the family court's child support order. *See* ECF No. 125–2 at 2 ("IT IS FURTHER RECOMMENDED that Bernard T. Anderson-Bey be committed to County jail, for a period of 30 days, subject to confirmation by a Judge of this Court"). But, this recommendation must be confirmed by a judge to take effect, and no evidence of such confirmation is before the Court. *Id.* n.1.

Even if Plaintiff provided evidence of an active arrest warrant, the Court must abstain from exercising subject matter jurisdiction over claims related to this family court order. The "*Rooker-Feldman* doctrine prevents federal district courts from considering claims 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"

*Blanchard v. Doe*, No. 17CV6893PKCJO, 2019 WL 2211079, at *5 (E.D.N.Y. May 22, 2019)

(quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see also*

*Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). The Second Circuit has found that the *Rooker-*

*Feldman* doctrine prevents district courts from exercising jurisdiction over state court child support

orders. *See Remy v. New York State Dep't of Tax'n & Fin.*, 507 F. App'x 16, 18 (2d Cir. 2013).

This includes arrest warrants, issued by family courts, for failure to comply with child support

orders. *See Blanchard*, 2019 WL 2211079, at *5 (applying *Rooker-Feldman* to an arrest warrant

issued by the Nassau County Family Court). Accordingly, it would be futile for Plaintiff to amend

his complaint and add these claims.

### c.  Plaintiff Has Not Adequately Demonstrated Irreparable Harm

Plaintiff's remaining preliminary injunctive relief claims are for compensation and the

recission of his contract with Defendant Coinbase, access to essential facilities controlled by

Defendant Live Nation, and an order barring Defendant NYCHA from accessing Plaintiff's

residence. Plaintiff fails to meet his burden to show irreparable harm in absence of this injunctive

relief.

"To satisfy the irreparable harm requirement, [p]laintiffs must demonstrate that absent a

preliminary injunction they will suffer 'an injury that is neither remote nor speculative, but actual

and imminent,' and one that cannot be remedied 'if a court waits until the end of trial to resolve

the harm.'" *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (quoting

*Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005)). "Irreparable injury is one

that cannot be redressed through a monetary award. Where money damages are adequate

compensation a preliminary injunction should not issue." *JSG Trading Corp. v. Tray-Wrap, Inc.*,

917 F.2d 75, 79 (2d Cir. 1990).

The relief requested from Defendant Coinbase can be addressed through monetary damages. Defendant Coinbase argues that the preliminary injunctive relief should be denied on that basis. ECF No. 131 at 9. In reply, Plaintiff asserts that the harms he has suffered "can[]not be repaired with compensatory damages alone," but offers no more specific response regarding the relief requested as to Coinbase. ECF No. 144 at 2. The Court notes that although recission is an equitable form of relief, Plaintiff has made no showing of why any harm caused by the contract's existence could not be remedied with monetary compensation at the conclusion of this matter. In fact, at the hearing held on January 15, 2025, Plaintiff failed to identify any harm that could not be addressed through monetary compensation. The Court finds that Plaintiff has not shown he will suffer an irreparable harm between now and the conclusion of this matter. The preliminary injunctive relief requested against Defendant Coinbase is **DENIED**.

As to Plaintiff's access to essential Live Nation facilities, Defendant Live Nation highlights that Plaintiff makes these allegations without any specific facts regarding his denial of and entitlement to access. ECF No. 132 at 5-6. Plaintiff makes no further showing on these issues in his reply. Additionally, Plaintiff fails to demonstrate the exigent nature of the harm suffered and why any additional harm suffered during this matter's adjudication could not be remedied upon its conclusion through compensation. Therefore, the Court has no basis to find a threat of irreparable harm if relief is delayed. The preliminary injunctive relief requested against Defendant Live Nation is **DENIED**.

Lastly, Plaintiff argues that he faces an imminent threat of eviction and bodily harm if NYCHA continues to be permitted access to his apartment. To the extent that these allegations relate to any threat of arrest or other interaction resulting from an Albany County Family Court order, the Court has already addressed this issue and found it lacks jurisdiction to consider it. *See*

*infra* I.b. The Court will make one additional note: as Plaintiff fails to show that a judge of the Albany County Family Court has actually issued an arrest warrant against him, any harm resulting from the theoretical warrant is speculative. *See Spiteri v. Russo*, No. 12 CV 2780 MKB, 2012 WL 5289586, at *6 (E.D.N.Y. Oct. 19, 2012) (an alleged arrest warrant is insufficient evidence of irreparable harm). Accordingly, even if the Court had jurisdiction, any request for preliminary injunctive relief from the warrant would be denied.

Plaintiff's only remaining allegations pertain to attempted XRF testing of Plaintiff's apartment conducted by Defendant NYCHA, the process and results of which Plaintiff alleges NYCHA will use to evict him and his daughter from their home. *See* AC at 11. Defendant NYCHA argues that these are insufficient allegations on their own to demonstrate an imminent threat of eviction and that Plaintiff is well protected from eviction by the laws of New York. ECF No. 133 at 11. At the January 15 hearing, Plaintiff argued that videos submitted to the Court via email demonstrate that Defendant NYCHA already attempted to illegally gain entrance to his residence. On February 3, 2025, the Court ordered Plaintiff to submit those videos on a USB drive or DVD because it was unable to access the emailed hyperlinks. *See* ECF No. 150. The Court has not received any such submission.

Even if the Court were to find the videos indicate Defendant NYCHA attempted to access Plaintiff's apartment, eviction is not an irreparable injury *per se*, especially when there is no active warrant of eviction or state eviction proceeding. *See Mullarkey v. Borglum*, 323 F. Supp. 1218, 1229 (S.D.N.Y. 1970) (holding the plaintiff had not shown irreparable harm where state housing court had not issued a warrant of eviction and the defense of retaliatory eviction was available); *see also Tellock v. Davis*, 84 F. App'x 109 (2d Cir. 2003) (finding that costs associated with

eviction can be adequately compensated for with money damages). Therefore, Plaintiff's request for preliminary injunctive relief against Defendant NYCHA is **DENIED**.

**CONCLUSION**

For all of the above-stated reasons, Plaintiff's motions for preliminary injunctive relief are **DENIED**.

**SO ORDERED.**

**Dated: February 20, 2025**
    **New York, New York**

_____

**ANDREW L. CARTER, JR.**
**United States District Judge**