UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
BERNARD T. ANDERSON BEY,                        :
                                                 :
                                                 :
                              Plaintiff,         :    1:24-cv-02295 (ALC)
         -against-                               :
                                                 :    **OPINION & ORDER**
ROC NATION LLC, et al.,                          :
                                                 :
                              Defendants.        :
------------------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Bernard T. Anderson Bey is proceeding *pro se* in this action. Before the Court are Plaintiff's motion for discovery to defend against Defendants' pending motions to dismiss and motion for a stay of the deadlines pertaining to those motions. ECF Nos. 117, 118. For the reasons set forth below, the Plaintiff's motions are **DENIED**.

## BACKGROUND

The factual background is thoroughly described in the Court's previous Opinion on the Plaintiff's motions for preliminary injunctive relief. *See* ECF No. 161. The Court will briefly discuss the procedural history relevant to the instant motions.

On March 27, 2024, Plaintiff filed his complaint and initiated this action. *See* ECF No. 1. Plaintiff filed an amended complaint on July 30, 2024. ECF No. 57. On November 15, 2024, Defendants Roc Nation, Carter, Live Nation, and NYCHA filed motions to dismiss Plaintiff's amended complaint. *See* ECF Nos. 97-106. That same day, Defendant Coinbase filed a motion to compel arbitration, or in the alternative, to dismiss the amended complaint. *See* ECF Nos. 95-96.

1

Plaintiff filed these motions following a status conference held on December 3, 2024, where the Court granted Plaintiff leave to file the motions for discovery and a stay. ECF No. 115. In response to Plaintiff's filings, the Court ordered Defendants to respond. ECF No. 124. Defendants submitted their responses in opposition to the motions on December 20, 2024. ECF Nos. 131-36. Plaintiff submitted his reply on January 07, 2025. ECF No. 144.

## LEGAL STANDARD

"As a general proposition, a litigant has to state a claim before he or she is entitled to discovery." *Bridgewater v. Taylor*, 745 F. Supp. 2d 355, 358 (S.D.N.Y. 2010). "[A]llowing the plaintiff to conduct discovery in order to piece together a claim would undermine the purpose of Federal Rule of Civil Procedure 12(b)(6), which is to streamline litigation by dispensing with needless discovery and factfinding where the plaintiff has failed to state a claim under the law." *Id.* (quoting *KBL Corp. v. Arnouts*, 646 F. Supp. 2d 335, 346 n. 6 (S.D.N.Y. 2009)). Therefore, "[d]iscovery is not needed [when] there is no genuine dispute of material fact" with respect to the instant motion. *Peiran Zheng v. Live Auctioneers LLC*, No. 20-CV-9744 (JGK), 2021 WL 2043562, at *7 (S.D.N.Y. May 21, 2021).

"Courts must afford *pro se* plaintiffs 'special solicitude'" in reviewing their filings. *Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir.1994)). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "This policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of

important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotations and modifications omitted). Therefore, courts read *pro se* filings "to raise the strongest arguments that they suggest." *Id.* at 474.

## DISCUSSION

### I. Plaintiff's Motions for Discovery and a Stay Are Denied

Plaintiff requests a stay of the Defendants' individual motions to dismiss. ECF No. 117. Plaintiff cites *Conley v. Gibson* for the proposition that a plaintiff is entitled to discovery once they have provided a "notice pleading." ECF No. 117 at 18 ("'[N]otice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures.'" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007))). This is a misreading of the case law. While Plaintiff may argue, in response to Defendants' pending motions, that he has sufficiently pleaded his claims and, therefore, provided notice to the Defendants, *Conley* does not stand for the proposition that he is entitled to discovery in order to make that argument. *See Bridgewater*, 745 F. Supp. 2d at 358 ("[A]llowing the plaintiff to conduct discovery in order to piece together a claim would undermine the purpose of Federal Rule of Civil Procedure 12(b)(6).").

Similarly unavailing is Plaintiff's argument that disputed facts in the Defendants' pending motions entitle him to discovery. ECF No. 117 at 1. When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570 (2007)). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

When ruling on Defendants' pending motions to dismiss, the Court will take the Plaintiff's "well-pleaded factual allegations to be true." *Faber*, 648 F.3d at 104. This renders discovery unnecessary as the motions to dismiss will be decided on whether the complaint is legally sufficient and not whether there are facts in dispute. See *Peiran Zheng*, 2021 WL 2043562, at *7. Plaintiff's motions for discovery and for a stay are therefore **DENIED**.

## CONCLUSION

For all of the above-stated reasons, Plaintiff's motions for discovery and a stay are **DENIED**. The Clerk of Court is respectfully directed to terminate ECF Nos. 28 and 33 as moot.

**SO ORDERED.**

**Dated: February 20, 2025**
　　New York, New York

　　　　　　　　　　　　　　　　　　**ANDREW L. CARTER, JR.**
　　　　　　　　　　　　　　　　　　**United States District Judge**