**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x

BERNARD T. ANDERSON BEY,                    :
                                            :
                                            :
                                Plaintiff,  :        **1:24-cv-02295 (ALC)**
        -against-                           :
                                            :        <u>**OPINION & ORDER**</u>
ROC NATION LLC, et al.,                     :
                                            :
                                Defendants. :
-------------------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Bernard T. Anderson Bey is proceeding *pro se* in this action. Before the Court are

Plaintiff's motions for sanctions, ECF No. 69, and partial summary judgment, ECF No. 56. *See*

*also* ECF No. 117. For the reasons set forth below, the Plaintiff's motions are **DENIED**.

## BACKGROUND

The factual background is thoroughly described in the Court's previous Opinion on

Plaintiff's motions for preliminary injunctive relief. *See* ECF No. 161. The Court will briefly

discuss the procedural history relevant to the instant motions.

On March 27, 2024, Plaintiff filed his complaint and initiated this action. *See* ECF No. 1.

On July 23, 2024, Plaintiff filed his motion for partial summary judgment. ECF No. 56. Plaintiff

filed an amended complaint on July 30, 2024. ECF No. 57. On September 29, 2024, Plaintiff filed

his motion for 11(b) sanctions. ECF No. 69. On November 15, 2024, Defendants Roc Nation,

Carter, Live Nation, and NYCHA filed motions to dismiss the amended complaint. *See* ECF Nos.

97-106. That same day, Defendant Coinbase filed a motion to compel arbitration, or in the

alternative, to dismiss the amended complaint. *See* ECF Nos. 95-96. In December, Plaintiff moved

for the Court to grant his partial motion for summary judgment and motion for sanctions. *See* ECF Nos. 117, 118.

**LEGAL STANDARD**

"Courts must afford *pro se* plaintiffs 'special solicitude'" in reviewing their filings. *Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir.1994)). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "This policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotations and modifications omitted). Therefore, courts read *pro se* filings "to raise the strongest arguments that they suggest." *Id.* at 474.

**DISCUSSION**

I.      **Plaintiff's Motions for Sanctions and Summary Judgment Are Denied**

The Court notes that it already addressed these motions and Plaintiff's failure to seek a pre-motion conference on these motions during a December 3, 2024 status conference held with all parties. *See* Telephonic Status Conference at 1:06:00-1:09:00 (December 3, 2024).

Although Rule 12(f) of the Federal Rules of Civil Procedure "does not expressly authorize the striking of documents other than pleadings, a district court has 'inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances.'" *Penzo v. Consol. Edison Co. of New York, Inc.*, No. 1:19-CV-07478-MKV, 2024 WL 3824072, at

*16 (S.D.N.Y. Aug. 15, 2024) (quoting *Sierra v. United States*, No. 97 CIV. 9329 (RWS), 1998 WL 599715, at *9 (S.D.N.Y. Sept. 10, 1998)); *accord Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 884 F. Supp. 2d 108, 115 n.5 (S.D.N.Y. 2012). As the Second Circuit has made quite clear, "*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) (italics and quotation marks omitted); *see also Kotler v. Jubert*, 986 F.3d 147, 156 (2d Cir. 2021) ("[S]olicitude for *pro se* litigants does not require us to excuse failure to comply with understandable procedural rules."), *cert. denied*, 142 S. Ct. 598 (2021).

In filing his motion for partial summary judgment and sanctions without first filing a pre-motion conference letter, Plaintiff violated the Court's Individual Rules of Practice. *See* Indiv. Prac. 2.A; *see generally* ECF. The motions are therefore **DENIED** without prejudice.

## CONCLUSION

For all of the above-stated reasons, Plaintiff's motions for sanctions and for partial summary judgment are **DENIED** without prejudice. The Clerk of Court is respectfully directed to terminate ECF Nos. 56, 69.

**SO ORDERED.**

**Dated: February 20, 2025**
   New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**