UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
BERNARD T. ANDERSON BEY,                          :
                                                  :
                              **Plaintiff,**        :
    -against-                                    :   1:24-cv-02295 (ALC)
                                                  :
ROC NATION LLC, et al.,                           :   **OPINION & ORDER**
                                                  :
                              **Defendants.**       :
-----------------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Bernard T. Anderson Bey is proceeding *pro se* in this action. Before the Court are motions to dismiss the amended complaint filed by Defendants Roc Nation LLC, Sean C. Carter, Live Nation Entertainment, Inc., and the New York City Housing Authority, *see* ECF Nos. 97-106, a motion to compel arbitration or alternatively dismiss the amended complaint filed by Defendant Coinbase, *see* ECF Nos. 95–96, and Plaintiff's motion for default judgment against Defendant Renaissance Economic Development Corporation, *see* ECF Nos. 122–23. For the reasons set forth below, the Court finds Plaintiff's pleadings to have been in violation of a previous anti-filing injunction issued against him and dismisses with prejudice this action in its entirety. The Court additionally notes separate grounds on which Defendants' motions would be granted, and default judgment would be inappropriate.

## BACKGROUND

**I.    Factual History**

Plaintiff Bernard T. Anderson Bey ("Plaintiff" or "Bey"), a resident of Brooklyn, New York, alleges that Defendants Roc Nation LLC ("Roc Nation"), Sean C. Carter, also known as Jay-Z ("Carter"), and Live Nation Entertainment, Inc. ("Live Nation") colluded and conspired to

1

exclude him from the hip hop industry and that they maintain a monopoly over the recording industry. ECF No. 57 at 5 ("Amended Complaint" or "AC"). He contends that Carter plagiarized his work and states that Roc Nation, Carter, and Live Nation have denied his access to "active participation in syndicated FM broadcast radio through IHeart Radio as well as utilization of live events via Ticketmaster for marketing and advertising purposes and market growth." AC at 6, 12. He claims that these Defendants have perpetrated "anti-competitive practices" and "financially and politically influenced" Defendants Coinbase, Renaissance Economic Development Corporation ("REDC"), and the Internal Revenue Service ("IRS") in order to sabotage Plaintiff's financial success and the success of his company, T.Z.P.S. LLC. AC at 10.

According to Plaintiff, the music industry defendants—Roc Nation, Carter, and Live Nation—caused Plaintiff to lose his cryptocurrency assets with Coinbase, valued at over sixteen million dollars. AC at 10. Plaintiff claims that REDC failed to assist him with a loan application for his company and that the music industry defendants exerted their political influence to cause this. AC at 11. Plaintiff claims that the IRS denied him access to its Tax Payer Advocate Services as a result of the music industry defendants' "predatory and exclusionary practices." AC at 12.

Plaintiff additionally alleges that the music industry defendants pressured Defendant New York City Housing Authority ("NYCHA") to evict Plaintiff from his home. AC at 11. Plaintiff claims that NYCHA has "repeatedly sought to gain access" to his apartment "for the purposes of XRF light testing," but that "the testing is a guise to" illegally evict Plaintiff and his daughter "by falsifying the . . . results." AC at 11. Plaintiff alleges that NYCHA has "deliberately over[]looked" his "repeated request for intervention, through NYCHA's grievance policy." AC at 11.

Plaintiff alleges that the music industry defendants have continued their efforts to sabotage Plaintiff, even after Plaintiff commenced this action. Plaintiff claims that Roc Nation, Carter, and

Live Nation have exerted political and financial influence over the New York Legal Assistance Group and the City Bar Justice Center to obstruct the development of Plaintiff's legal claims. ECF No. 117 at 1. Plaintiff claims that Roc Nation, Carter, and Live Nation have used their influence to spread lies about Plaintiff, resulting in "20 to 30 police and ACS, investigations or probes" since 2019. ECF No. 117 at 10.

II.     **Procedural History**

This is not Plaintiff's first case in federal court. *See Anderson Bey v. Roc Nation LLC*, ECF 1:21-cv-03314 (PAE) (JW) (S.D.N.Y.) ("*Bey I*"); *Anderson Bey v. ACS*, ECF 1:20-cv-0729 (LLS) (S.D.N.Y.), *dismissing appeal*, No. 20-1680 (2d Cir. Feb. 16, 2021); *Bey v. City of New York*, ECF 1:17-cv-5494 (CM) (S.D.N.Y.), No. 11 (dismissing complaint for failure to state a claim), *dismissing appeal*, No. 18-5900 (2d Cir. Aug 13, 2018); *Bey v. ACS*, ECF 1:19-cv-3859 (AJN) (SDA) (S.D.N.Y.), No. 29 (dismissing matter voluntarily); *Anderson Bey v. State of New York*, No. 10-cv-01446 (E.D.N.Y. Apr. 10, 2010) (dismissed for lack of subject matter jurisdiction).

The most recent case, *Bey I*, was filed against three of the same defendants in this action: Roc Nation, Carter, and Live Nation (collectively the "*Bey I* Defendants" or the "music industry defendants"). In *Bey I*, Plaintiff asserted claims under the Sherman Act, the Clayton Act, and state law, alleging that the defendants colluded and conspired to exclude him from the hip hop industry and maintain a monopoly over the recording industry. On May 1, 2023, Judge Engelmayer adopted two report and recommendations granting the defendants' motions to dismiss Plaintiff's amended complaint in *Bey I* for failure to state a claim. *Anderson Bey v. Roc Nation LLC*, ECF 1:21-cv-03314 (PAE) (JW) (S.D.N.Y.), No. 109 ("*Bey I* Dismissal Order").

On March 27, 2024, Plaintiff filed his complaint initiating this action. *See* ECF No. 1. Plaintiff filed an amended complaint on July 30, 2024. ECF No. 57. Both pleadings assert the same

3

claims from *Bey I*, along with new claims against Defendants Roc Nation, Carter, and Live Nation, and claims against Defendants Coinbase, NYCHA, REDC, and the IRS. *See* ECF Nos. 1, 57.

As to the music industry defendants, Plaintiff brings an additional claim for Fraud Upon the Court, alleging the three Defendants misrepresented the facts in their *Bey I* motions to dismiss. AC at 2. Against Defendant Coinbase, Plaintiff brings state tort claims for unjust enrichment, false advertising, and breach of fiduciary duty, for mishandling of his cryptoassets. AC at 11. Plaintiff claims that Defendant NYCHA discriminated against him in violation of the Fair Housing Act by "deliberately overlook[ing]" his "repeated request for intervention" to stop NYCHA's lead testing. AC at 11. Plaintiff asserts that REDC employees discriminated against him based on "systematic racism," when he was denied assistance with his loan application. AC at 11. Plaintiff brings additional discrimination claims against Defendants Roc Nation, Carter, and Live Nation for exclusion from essential facilities. AC at 12. Lastly, Plaintiff also bring a discrimination claim against the IRS. AC at 12–13.

The Court notes that those claims not asserted in *Bey I* still rely on the same principal theory: that Roc Nation, Carter, and Live Nation exerted financial and political influence over the other Defendants and non-defendants named, directly resulting in Plaintiff's hardships. AC at 13.

On November 15, 2024, Defendants Roc Nation, Carter, Live Nation, and NYCHA filed motions to dismiss the amended complaint. ECF Nos. 97–106. That same day, Defendant Coinbase filed a motion to compel arbitration, or in the alternative, to dismiss the amended complaint. ECF Nos. 95–96.

On December 8 and 9 of 2024, Plaintiff filed motions for preliminary injunctive relief. ECF Nos. 117–18. The Court held a hearing on the motions on January 15, 2025. On February 20, 2025, the Court denied Plaintiff's motions for preliminary injunctive relief, ECF No. 161, along with his

requests for sanctions, partial summary judgment, and expedited discovery, ECF Nos. 162–63. Plaintiff has filed additional motions to reconsider the Court's February 20th orders, which remain pending before the Court. ECF Nos. 164–71, 178–79.

In November of 2024, Plaintiff attempted to obtain a Clerk's Certificate of Default against Defendant REDC, which the Clerk of Court rejected for failure to demonstrate the amended complaint had been served on REDC. ECF No. 82–83, 87–93. On November 12, 2024, Plaintiff served REDC with an amended summons and the amended complaint. ECF No. 86. On December 2, 2024, REDC appeared and wrote to oppose any entry of default against it. ECF No. 112. At a conference, the Court granted Plaintiff leave to file his motion for default judgment, without a Clerk's Certificate. ECF No. 115. On December 5, 2024, Plaintiff filed his motion for default judgment. ECF Nos. 122–23. On January 27, 2025, REDC filed its opposition, arguing this Court lacks jurisdiction over it. ECF No. 145. On February 12, Plaintiff filed his reply. ECF No. 156.

On October 25, 2024, Plaintiff filed an affidavit of service of a summons upon the IRS. ECF No. 81. Plaintiff seeks a Clerk's Certificate and default judgment against the IRS, which has yet to appear in this action. ECF No. 127.

## STANDARDS OF REVIEW

I.     **Motion to Dismiss for Failure to State a Claim**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege

5

sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, courts accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also id.* at 681. Instead, the complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). In addition to the factual allegations in the complaint, the court may consider "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted).

## II. *Pro Se* Pleadings

"Courts must afford *pro se* plaintiffs 'special solicitude'" in reviewing their filings. *Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "This policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect

6

*pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotations and modifications omitted). Therefore, courts read *pro se* filings "to raise the strongest arguments that they suggest." *Id.* at 474.

## DISCUSSION

Defendants argue Plaintiff's claims should be dismissed for numerous reasons, including the anti-filing injunction issued against him in *Bey I* and for failure to comply with Rule 8. For the reasons discussed below, the Court finds that the *Bey I* anti-filing injunction bars this Court from considering Plaintiff's case. Even if this were not so, the Court notes that the amended complaint does not comply with Rule 8 and would not survive defendants' other specific challenges. The Court also notes *sua sponte* its lack of personal jurisdiction over the two defendants in default. The Court discusses the anti-filing injunction first.

### I.   Claims Are Barred by the Anti-Filing Injunction

After Plaintiff's claims were dismissed in *Bey I*, defendants requested a filing restriction be imposed that required him to "seek leave from the Court prior to filing any new actions or new motions." *Anderson Bey v. Roc Nation LLC*, ECF 1:21-cv-03314 (PAE) (JW) (S.D.N.Y.), No. 132 at 8 ("Bar R&R"), *adopted by* ECF No. 143 ("Bar Order"). Magistrate Judge Jennifer E. Willis noted defendants' requested scope and ordered Bey to show cause why such a restriction against future filings should not be imposed. *See* Bar R&R at 9–10. Judge Willis wrote:

> If Plaintiff's response to the Order to Show Cause is insufficient or if no objection is filed, then Plaintiff shall be prohibited from future filings unless he:
> a) Submits a one-page motion titled "Motion for Leave to File" that explains why he should be permitted to file the letter or motion; and
> b) Includes a one-page statement, made under penalty of perjury, stating the purpose of his submission is not frivolous or in bad faith, or for any improper purpose, such as to harass or cause unnecessary delay, and that the filing complies with this

        Court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules.

Any filings that do not comply with such a procedure will be stricken from the docket. *Id.* at 9–10 (the anti-filing injunction).

    On February 13, 2024, Judge Paul A. Engelmayer issued an opinion adopting the R&R in full. *See* Bar Order at 2. Regarding the anti-filing injunction, Judge Engelmayer specifically noted that Bey's objections to the R&R, "where more than conclusory, largely concern maters outside the scope of the Report in the first place." *Id*. at 3. Based on this, Judge Engelmayer "adopt[ed] by reference the content and scope of the anti-filing injunction as set out in" the R&R. *Id.*

    Now the *Bey I* Defendants, Coinbase, and NYCHA all argue that Plaintiff filed this action in violation of the anti-filing injunction and that thus the injunction bars consideration of his claims here. *See* ECF No. 96 at 20 n.5.; ECF No. 101 at 9; ECF No. 104 at 6; ECF No. 106 at 5. A violation of an anti-filing injunction on its own warrants dismissal. *See Johnson v. Chairman New York City Transit Auth.*, 377 F. App'x 46, 48 (2d Cir. 2010) (affirming dismissal based on filing restriction); *Shah v. United States*, No. 22-777-CV, 2022 WL 17747787, at *1 (2d Cir. Dec. 19, 2022) (same); *Kaul v. Intercontinental Exch.*, No. 23CV02016 (JLR) (OTW), 2023 WL 3346769, at *3 (S.D.N.Y. May 10, 2023) (dismissing action as a violation of a previous filing injunction in its entirety).

    Defendants' rationale for dismissing this matter based on the anti-filing injunction is bolstered by the fact that the allegations here overlap so greatly with those asserted in *Bey I*. Even where a subsequent action asserts new allegations, if those allegations arise from the same injury at issue in the prior action, they "clearly fall within the bounds of the anti-filing injunction." *Kaul*, 23 WL 3346769, at *3; *see also Heath v. Justs. of Supreme Ct., New York Cnty.*, No. 13-CV-2419 CBA, 2013 WL 2322863, at *1 (E.D.N.Y. May 24, 2013) (dismissing subsequent action brought

against different defendants because it was brought to address the same injury), *aff'd sub nom. Heath v. Justs. of Supreme Ct.*, 550 F. App'x 64 (2d Cir. 2014).

The Court finds that the anti-filing injunction ordered in *Bey I* acts to bar all of Plaintiff's claims here: both those previously asserted and those factually distinct. Judge Willis's language referenced future filings, which the Court interprets to mean "motions and actions," as the *Bey I* Defendants requested. *See* Bar R&R at 8. The application of the injunction to the instant claims is further strengthened by the fact that even those which were not previously asserted in *Bey I* still rely on the same principal theory: that the *Bey I* Defendants exerted financial and political influence over the other Defendants and non-defendants named, directly resulting in Plaintiff's hardships.[1] They therefore properly fall under the scope of the anti-filing injunction.

The Court notes that Plaintiff does not dispute this to be the correct scope of the anti-filing injunction, but rather argues he should be granted an exception from the restriction because he alleges an imminent threat. *See* ECF No. 148 at 2. The provision he cites for this result only applies to actions filed *in forma pauperis*, which this is not. *See id.* (citing 28 U.S.C. § 1915 (g)); *see generally* ECF. Accordingly, the Court finds the amended complaint—and this action in its entirety—should be dismissed with prejudice as a violation of the *Bey I* anti-filing injunction.

## II.     Alternative Bases for Dismissal

Even if the Court were not dismissing this matter based on the anti-filing injunction, the amended complaint would still not survive Defendants' motions to dismiss. The Court first addresses their arguments under Rule 8 and then discusses several bases that are specific to certain defendants or groups of defendants.

---

[1] The Court also notes that these issues seem to have been raised in *Bey I*, even if Plaintiff brought the claims against the additional defendants here. *See Anderson Bey v. Roc Nation LLC*, ECF 1:21-cv-03314 (PAE) (JW) (S.D.N.Y.), No. 16 at 4 (noting that Bey's motions for preliminary injunction related to "a housing matter and an issue regarding cryptocurrency").

a. Rule 8

Rule 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the pleading of a *pro se* litigant should be liberally construed in his favor, a complaint that is prolix or 'so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised,' fails to comply with Rule 8, and may be dismissed." *Goffe v. Winfrey*, No. 08 CIV.8653, 2008 WL 4787515, at *1 (S.D.N.Y. Oct. 31, 2008) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988)) (internal citations omitted).

The *Bey I* Defendants and NYCHA move to dismiss the amended complaint for failure to comply with Rule 8. *See* ECF Nos. 97, 103, 105. While the causes of action can be ascertained from the pleading, the Court finds the factual allegations are largely conclusory, implausible, and abstruse. As such, dismissal under Rule 8(a)(2) is also appropriate. While courts generally allow leave to amend a complaint to address such noncompliance, because the Court identifies additional bases for dismissal which could not be cured with amendment, dismissal with prejudice is appropriate. *See Salahuddin*, 861 F.2d at 42–43.

b. Claims Against *Bey I* Defendants Are Precluded

The Court notes the claims against the *Bey I* Defendants may additionally be dismissed under the doctrine of *res judicata* (claim preclusion). *Res judicata* "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1594 (2020). "It bars subsequent litigation if: '(1) the previous action involved an adjudication on the merits; (2) the previous action involved the same parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Moore v. N.Y.C. DOE*, No.

10

16-CV-5971, 2017 WL 4350423, at *2 (E.D.N.Y. July 17, 2017) (quoting *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 285 (2d Cir. 2000)).

As discussed *supra*, Plaintiff asserts identical claims against the music industry defendants as he did previously in *Bey I*, which were adjudicated on the merits. *See Anderson Bey v. Roc Nation LLC*, ECF 1:21-cv-03314 (PAE) (JW) (S.D.N.Y.), No. 109. Even his fraud upon the court claim, which was not alleged in his *Bey I* complaints, was rejected by Judge Engelmayer upon the parties' briefing of Plaintiff's objections to Judge Willis's R&R. *See* Bar Order at 3 (noting Bey's objections "that defendants committed a fraud upon the court").

Even if the fraud upon the court claim was not precluded, it would be dismissed under 12(b)(6). Plaintiff alleges that the *Bey I* Defendants denied, and therefore lied about, the allegations in the complaint, but this is insufficient to state a claim under Rule 60(b). *See Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988) (noting later discovered nondisclosure and perjury are not sufficient to state a claim as they only harm an individual litigant); *id.* at 560 ("[A]n aggrieved party seeking relief under the saving clause of Rule 60(b) still must be able to show that there was no opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original action."); *Marshak v. Sheppard*, 381 F. Supp. 3d 261, 266 (S.D.N.Y. 2019) ("[A] party may not use a Rule 60 motion as a means to relitigate a case." (internal quotation omitted)), *aff'd*, 803 F. App'x 555 (2d Cir. 2020). These allegations additionally lack plausibility since *Bey I* was dismissed under Rule 12(b)(6), taking the facts alleged in the complaint as true. *See Bey I*, ECF 1:21-cv-03314, No. 94 at 9–10 (R&R dismissing amended complaint for failure to state a claim under Rule 12(b)(6)). So even if the defendants did include false statements in their briefs, those statements would not have impacted the court's disposition or bared on the outcome in *Bey I*.

c. Claims Against NYCHA Are Dismissed as Conclusory

Plaintiff brings a claim for discrimination under the Fair Housing Act, 42 U.S.C. § 3601, against Defendant NYCHA. *See* ECF No. 57 at 11. "Generally, to state a claim of intentional discrimination under the FHA, a plaintiff must allege facts showing that (1) he is a member of class of individuals protected under the FHA; (2) he suffered 'adverse treatment'; and (3) the defendant discriminated against him based on his protected classification." *Avila v. New York City Hous. Auth.*, No. 24-CV-6680 (LTS), 2024 WL 4627461, at *2 (S.D.N.Y. Oct. 25, 2024) (citing *Palmer v. Fannie Mae*, 755 F. App'x 43, 45 (2d Cir. 2018) (summary order)). "At the pleading stage, a plaintiff 'need only give plausible support to a minimal inference of discriminatory motivation.'" *Id.* (quoting *Palmer*, 755 F. App'x at 45–46).

Plaintiff alleges that NYCHA's requests to conduct lead testing are in fact "a guise to illegal[ly] evict myself and youngest daughter from our residence by falsifying the XFR test results." AC at 11. In support of this, Plaintiff states that NYCHA "falsified information . . . to keep [his] daughter off [his] housing application," citing a settlement reached another matter (to which Plaintiff was not a party). *Id.* (citing ECF 19-cv-3835). The Court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, the Court finds no factual allegations support any "adverse treatment" Plaintiff suffered due to the lead testing. Plaintiff therefore fails to state his claim under the FHA and the Court dismisses it on that additional basis.

d. Lack of Personal Jurisdiction over Defendants in Default

As to the two defendants in default, REDC and the IRS, the Court finds that it lacks personal jurisdiction over them and accordingly dismisses the claims against them *sua sponte* for that additional reason. In doing so, the Court also denies Plaintiff's motion for default judgment.

*i. REDC*

On March 27, 2024, Plaintiff filed his initial complaint. *See* ECF No. 1. In that pleading, Defendant Renaissance Economic Development Corporation ("REDC") was incorrectly listed as "Renaissance Community Development Company." *See id.* This first complaint was served on REDC's receptionist, Ms. Sue. *See* ECF No. 20. REDC did not respond to the first complaint or otherwise appear. *See generally* ECF. On July 30, 2024, Plaintiff filed an amended complaint, which correctly named REDC. *See* ECF No. 57. In November of 2024, Plaintiff attempted to obtain a Clerk's Certificate of Default against REDC, which the Clerk of Court rejected for failure to demonstrate the amended complaint had been served on REDC. *See* ECF No. 82–83, 87–93. On November 12, 2024, Plaintiff served REDC with an amended summons and the amended complaint. *See* ECF No. 86.

"Service of process is a required element of personal jurisdiction." *Kulwa v. Obiakor OB/GYN P.C.*, No. 12-CV-1868, 2013 WL 504383, at *4 (E.D.N.Y. Feb. 8, 2013). "If personal jurisdiction is challenged in a responsive pleading, plaintiff has the burden to prove effective service by a preponderance of the evidence." *Id.* (internal citation omitted). A defendant does not waive the defense of lack of personal jurisdiction by failing to appear. *See Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d. Cir. 2010).

"Federal Rule of Civil Procedure 4 provides that service of process on a corporation may be completed 'by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.'" *Oyewole v. Ora*, 291 F. Supp. 3d 422, 429 (S.D.N.Y. 2018) (quoting Fed. R. Civ. P. 4(h)(1)(B)), *aff'd*, 776 F. App'x 42 (2d Cir. 2019). "Alternatively, a corporation may be served in the same manner allowed by the state in which the district court is located or service is made –

13

here, New York." *Id.* (citing Fed. R. Civ. P. 4(e)(1), (h)(1)(A)). "Under New York law, a corporation may be served through an 'officer, director, managing or general agent, or cashier or assistant cashier or . . . any other agent authorized by appointment or by law to receive service.'" *Id.* (quoting N.Y. C.P.L.R. 311(a)(1)).

Although "courts have repeatedly found service on receptionists to be defective," *Crawford v. US Sec. Assocs.*, No. 19CIV105, 2020 WL 61171, at *5 (S.D.N.Y. Jan. 6, 2020) (collecting cases), "numerous decisions have upheld service where a secretary or receptionist accepted the papers and the corporate defendant in fact received them," *Arbitron, Inc. v. Marathon Media, LLC*, No. 07 CIV. 2099 2008 WL 892366, at *3 (S.D.N.Y. Apr. 1, 2008). What distinguishes one result from the other is whether "'the process server has gone to [the defendant's] offices, made proper inquiry of defendant's own employees, and delivered the summons according to their directions.'" *Kuhlik v. Atl. Corp.*, 112 F.R.D. 146, 148 (S.D.N.Y. 1986) (quoting *Fashion Page, Ltd. v. Zurich Ins. Co.*, 406 N.E.2d 747, 751 (N.Y. 1980)). "The process server's . . . bald characterization of the receptionist as 'the Authorized Agent' with no further support is not sufficient to find effective service, particularly where it is the plaintiff's burden to demonstrate compliance with the law, and where there is an affidavit from the defendants indicating that the receptionist has never been, and in practice is not, authorized to accept service." *Pope v. Rice*, No. 04 CIV. 4171, 2005 WL 613085, at *15 (S.D.N.Y. Mar. 14, 2005).

In this case, the proof of service provided by the Deputy Sherriff is insufficient to establish effective service given that Ms. Sue and Jessie Lee, the managing director of REDC, declare Ms. Sue is not authorized to accept service and that no such service was executed. *See* ECF Nos. 146–47. Just as in *Crawford*, where the affidavit of service listed the receptionist as "AUTHORIZED," the Deputy Sherriff's annotation that Ms. Sue was "an agent authorized to receive service of legal

14

process" is insufficient to rebut the Defendant's declarations otherwise. *See Crawford*, 2020 WL 61171, at *5 ("Service on a U.S. Security receptionist – who was not authorized to accept service for the corporation – was improper."); *compare Crawford v. US Security Associates*, ECF 19-cv-00105-PGG-RWL (S.D.N.Y.), No. 4, *with Bey v. Roc Nation et al.*, ECF 24-cv-02295-ALC (S.D.N.Y.), No. 20 at 1. Therefore, service of Defendant REDC was improper.

As noted by REDC, Plaintiff's delivery of the amended pleadings to REDC in November was insufficient process as well, given that Plaintiff is a party to this action. *See* ECF No. 145 at 9 n.9 (citing Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint.")). To date proper service has not been made and accordingly the Court lacks personal jurisdiction over REDC. *See Kulwa*, 2013 WL 504383, at *4.

"When a court is considering . . . default judgment, it may dismiss an action *sua sponte* for lack of personal jurisdiction." *Ahn v. Inkwell Pub. Sols., Inc.*, No. 10 CIV. 8726, 2013 WL 3055793, at *4 (S.D.N.Y. June 19, 2013) (quoting *de Ganay v. de Ganay*, No. 11 CIV. 6490, 2012 WL 6097693, at *7 (S.D.N.Y. Dec. 6, 2012)) (internal quotation marks omitted); *see also Sinoying Logistics*, 619 F.3d at 214 (affirming dismissal of complaint where the plaintiffs sought default judgment and failed to establish the court's personal jurisdiction over the defendant.). Although "[a] party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation," the Court declines to give Plaintiff additional time to perfect service considering the other bases for dismissal identified in this Opinion. *Jean-Baptiste v. United States Dep't of Just.*, No. 22-CV-7811, 2023 WL 2648152, at *5 (S.D.N.Y. Mar. 27, 2023), *aff'd*, No. 23-441, 2024 WL 1193062 (2d Cir. Mar. 20, 2024); *see also Pope*, 2005 WL 613085, at *15. Therefore, the claims against Defendant REDC are additionally dismissed for a lack of personal jurisdiction.

15

> *ii. The IRS*

The Court finds Plaintiff improperly served the IRS as well. Plaintiff submitted an affidavit of service stating that the summons was served through certified mail on the U.S. Attorney General in Washington D.C. *See* ECF No. 81. Federal Rule of Civil Procedure 4(i) dictates how the United States, or one of its agencies, should be served. While service by certified mail is permissible, it states that a party must "deliver a copy of the summons and of the complaint to the United States attorney for the district *where the action is brought*." Fed. R. Civ. P. 4(i)(1)(A)(i) (service on the United States) (emphasis added); *see also* Fed. R. Civ. P. 4(i)(2) (directing that to serve a U.S. agency, a party must also serve the U.S.).

The affidavit of service does not maintain that a copy of the summons and complaint were ever served on the United States Attorney for *this district* as required by Rule 4(i)(1)(A)(i). *See* ECF No. 81. Accordingly, the Court finds service was improper. Because Plaintiff seeks default judgment against the IRS, *see* ECF Nos. 127–28, the Court may properly inquire about personal jurisdiction *sua sponte*. *See Sinoying Logistics*, 619 F.3d at 214 (affirming district court's *sua sponte* consideration of personal jurisdiction). As the Court found in regard to Defendant REDC, *see supra*, the Court concludes it lacks personal jurisdiction over the IRS due to the improper service, and dismisses the claims against it for that additional reason.

### III. Objections to Prior Orders

As the Court finds that this action is barred by the *Bey I* anti-filing injunction and should be dismissed for several other reasons, the Court will not reconsider its decisions regarding Plaintiff's requests for preliminary injunctive relief, sanctions, discovery, or summary judgment. Further, the Court will not permit Plaintiff to amend his complaint again, as amendment cannot cure the deficiencies identified. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d

Cir. 2014) (Leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." (internal quotation omitted)).

### IV. Motion for Recusal

Last, the Court addresses the "Order to Show Cause for Recusal" filed on June 2, 2025. *See* ECF No. 171. Plaintiff moves for recusal based on "the semblance of a family relationship between" the Court and Defendant Sean C. Carter. *See id.* at 1; *see also id.* at 2 ("Judge Carter and defendant Mr. Sean C. Carter share the same sur name which suggest a family tie."). Plaintiff alleges this semblance, even if not true, may have "a psychological effect on the fact finders." *See id.* at 2.

28 U.S.C. Section 455(a) provides that "[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned." 28 U.S.C. § 455. 28 U.S.C. Section 455(b)(1) requires judges to disqualify themselves in circumstances where they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Motions for recusal or disqualification under 28 U.S.C. § 455(a) or (b)(1) are subject to an "exceedingly high standard," *Bromfield v. Bronx Lebanon Special Care Ctr., Inc.*, No. 1:16-CV-10047, 2021 WL 6055265, at *2 (S.D.N.Y. Nov. 30, 2021), and are "committed to the sound discretion of the district court," *Longi v. New York*, 363 F. App'x 57, 58 (2d Cir. 2010) (summary order) (citing *United States v. Morrison*, 153 F.3d 34, 48 (2d Cir. 1998)).

"[T]he substantive standard for recusal is whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned." *Apple v. Jewish Hosp. and Medical Cntr.*, 829 F.2d 326, 333 (2d Cir. 1987). Disqualification is not required

with regards to interests that are "remote, contingent, indirect or speculative." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001).

In the interests of clarity and a complete record, the Court states there is no known familial tie to Defendant Carter. Additionally, as the Court is dismissing this action on the pleadings, there is no finder of fact whom the shared last name risks influencing.

To the extent that Plaintiff's motion relies on this Court's disposition of his motions, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion unless they show reliance upon an extrajudicial source or display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bromfield*, 2021 WL 6055265, at *1 (internal quotation omitted). Plaintiff has not shown that any prior rulings rely "upon an extrajudicial source" or that the Court has engaged in "favoritism or antagonism" at such a degree that would make "fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "If the Plaintiff is dissatisfied with the Court's rulings, he will have an opportunity to appeal those rulings . . . but that dissatisfaction is not a sound basis for recusal." *Hooks v. City of New York*, No. 21-CV-10771, 2022 WL 17669523, at *2 (S.D.N.Y. Dec. 14, 2022).

Accordingly, Plaintiff has failed to meet the applicable standard of demonstrating that a reasonable observer, knowing and understanding all of the facts and circumstances, would question the Court's impartiality. Accordingly, Plaintiff's motion for recusal is denied.

## CONCLUSION

For all the above-stated reasons, Defendants' motions to dismiss are **GRANTED**. Plaintiff's motions for default judgment are **DENIED**. Plaintiff's motion for recusal is **DENIED**. Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**. The Clerk of Court is

respectfully directed to terminate any open matters on the docket, *see* ECF Nos. 95, 97, 103, 105, 122–23, and 178, mail a copy of this Opinion and Order to Plaintiff, enter judgment, and close this case.

**SO ORDERED.**

**Dated: September 29, 2025**
   **New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**